Good morning, ladies and gentlemen. Welcome. Judge Kaney is joining us by phone today. Judge Kaney, are you there? I'm here, and I'm glad to participate with you this morning. All right. Well, then we're ready to begin. The first case this morning is Michael Campos v. Cook County. Mr. Lanahan. Good morning, Your Honors. May it please the Court. Mike Campos possessed property and liberty interests in his tenured public employment. The amended complaint alleged that these present entitlements were involuntarily deprived by agents of Cook County. Subject matter jurisdiction was proper in the District Court under Article III, Section 2 of the United States Constitution. Campos began his employment with Cook County as a corrections officer in 1997. After completing a probationary term, his employment rights vested in his tenure was established. In 2011, he self-reported an arrest for driving under the influence. He was shortly thereafter suspended without pay pending a hearing on the sheriff's disciplinary recommendation of termination. He waited three years for that hearing. In the intervening period, the all charges related to the DUI were dismissed by the Cook County State's Attorney's Office. In 2014, he had the hearing. Evidence was presented of the dismissal. The Sheriff's Merit Board waited a year to issue its decision. That decision upheld the Sheriff's termination on the basis that he violated a state law. That decision was taken up in the State Court on administrative review. It was remanded back to the Merit Board. The Merit Board was instructed to provide an explanation as to how they could maintain that he was terminated for violating law, despite the fact that all charges were dismissed. The Merit Board declined the State Court's invitation to explain itself. They issued a largely identical decision as the first one. Campos then again sought review from the same State Court. The Court declined to remand the matter back. They affirmed it. Within 10 days or so of the Court's affirmance of that dismissal, the State Court had ruled that persistent defects in the Sheriff's Merit Board rendered its jurisdiction null and void. On that basis, we proceeded to a post-judgment proceedings. At post-judgment proceedings, the Sheriff and Cook County were represented by private attorneys who secured their appointment to represent the Sheriff on the basis of the certification that maintained they were eligible for indigent representation. I sought oral argument today. I think that the district court sanctions were wholly unwarranted. I think that the legal reasoning in the case was inconsistent. If I could just clarify what the heart of the claim is here. As I understand it, the matter is back before the Merit Board, the newly reconstituted Merit Board? That's what the Cook County maintains. What's the status of it? It's been stayed various times for various reasons. The Cook County has variously said— His termination remains a pending matter before the Merit Board? It does, Judge. Well, I don't know whether it remains before the Merit Board because Cook County has since supplied notice that it intends to un-nullify the State Court's nullification, which would mean that one of the two decisions that the defunct Merit Board had issued would be the binding decision. Presumably from there you would have appeal rights on that decision in State Court. But the issue is that his constitutional rights have never been adjudicated. The Due Process Clause of the 14th Amendment— I'm trying to get to what the factual heart of the constitutional claim is. Is it the delay or is it the improperly constituted Merit Board? Judge, I really don't think that what the Merit Board's business is now is the Merit Board's business. This has been eight years. Campos has conscientiously litigated the involuntary deprivations. I think in the circuit you've declined to say what length of delay in a ten-year public employment context is established as a substantive violation, but certainly eight years. The Merit Board's jurisdiction, as far as I interpret the county's code, should have expired 180 days after he was suspended without pay. Right, but you've framed this as a substantive due process claim. And employment-related rights aren't fundamental for purposes of substantive due process law. Now, we've left a narrow window for litigating public employment-related claims under substantive due process, but there's a really high bar for that in terms of what the claimant has to show or plead in this case, because this was a dismissal on the plea. I understand that, Judge. Judge, the standards I under—I think that there are—I guess I have some confusion in terms of what the substantive due process standard requires. It requires the deprivation of a fundamental right, the 14th Amendment, and it will, by way of Roth, or Board of Regents v. Roth, Loudermill— those are procedural claims, and you've disavowed a procedural claim here. You framed your claim as a substantive due process claim. That's how it's pleaded, and that's how it was argued in the district court and here. In your briefing here, you continue to characterize this as a substantive claim. Judge, there were procedural claims in the amended complaint. I'm not sure—I can't interpret precisely what Judge Norgal—how he addressed it. He said that he did not—that there were no procedural claims. There were four counts for due process violations, two substantive counts for substantive due process. There was a count for liberty deprivation for a stigma-plus claim connecting his termination to a violation of law branding him a criminal despite the fact that Cook County dismissed all the charges. Were those the conspiracy claims? No, Judge. No, Your Honor. They were—it was count six was the stigma-plus claim. I'm not sure what you mean by that. I'm not exactly sure of the precise origin of where stigma-plus comes from in the federal precedent, but it's when you connect the termination of an employee to some condition that then would inhibit their liberty interest in pursuing their profession down prospectively. Well, the allegations really sound in defamation. That's correct, Your Honor. Your Honor, it was defamation, but it was by a public official, a state agent. And it's pleaded as a conspiracy claim, and it hasn't really been fleshed out in the briefing, nor has any First Amendment claim been fleshed out in the briefing. It seems to have been abandoned. What I read the briefing to concentrate on were the claims for a violation of substantive due process and then conspiracy. Judge, I was working off of—Your Honor, I was working off of a very limited record from the district court. The district court, it dismissed all the claims with— Actually, this is de novo review. I understand that. And so what the district court said or didn't say is irrelevant. Just talk to us about what your claims are. I understand, Your Honor. I let the amended complaint speak for itself on the basis of Your Honor's de novo review. Right. There's a lot of allegations in there that sound like complaints about inadequate process, but you haven't framed the claim that way. It wasn't pleaded that way. They're called substantive due process claims as what you've called them on appeal. That's how you framed them on appeal. And you haven't argued the case as an inadequate process case, even though there's allegations in the complaint to that effect. That's why I'm trying to get you to focus on what the claim is. At a high level, Your Honor, this was—he had present entitlements in his tenure in public employment. Understood. State agents involuntarily deprived him of those entitlements. The deprivation has persisted for eight years. Whether those are defects procedurally or it's a substantive complete deprivation, I think that that would be—I'm not sure what difference that makes at this point. The reason that there were separate claims for substantive procedural violations is because substantive claims also tended towards the current mayor and board is made up of some of the same personnel that were complicit in the deprivations, the past deprivations. If the court did not—if a court agreed that those people were biased going forward, I think that that would also lend itself to a substantive due process. How could he get a fair hearing in front of a panel that has already prejudged him twice and demonstrated their bias by calling him a criminal? Two separate decisions. Well, if this is a substantive due process claim as it's been labeled and framed both in the district court and on appeal, then you have to allege some facts that would plausibly show that the decision itself was arbitrary and irrational, and I don't see that. There's a lot of claims about conspiracy, and they're out to get him, and there were procedural violations because of the delay, and the board was improperly constituted, and that's sort of a procedural problem. But I was looking in vain for some attack on the actual decision as arbitrary and irrational. Your Honor, I think you raise several points. This case has gone on for eight years. It is very confusing.  I know. And you're the plaintiff, and you've got— I've tried to delve into—I'd like to reserve some time if I may, but to answer your question, was it arbitrary and capricious to brand him a criminal in two decisions despite a court order instructing them to cure that specific contention, connect his employment to that, to his termination of his employment? I submit to you that it's arbitrary and capricious and substantively deprivational of his fundamental rights. If I may reserve the balance, Judge. That's fine.  Good morning, Judge. Good morning. May it please the Court, I'm Megan Huntingford for Cook County and the Cook County Sheriff's Office. The thread running through every argument here is the fact that the entirety of plaintiff's claims rest on whether the state law remedies available to him were inadequate. And the Rooker-Feldman Doctrine bars the district court from finding in his favor on that issue. Now, I realize plaintiff's briefing and the argument so far have focused on the delay that plaintiff experienced and the elements of a procedural due process claim, but that discussion is misplaced. The district court properly read plaintiff's amended complaint to be an attempt at pleading violations of substantive due process. And that claim was premised on the violations identified in the Percy Taylor litigation. And in order to plead that claim, plaintiff first had to allege that the Mayor Board's decision was arbitrary and irrational and then either that the defendants violated some other constitutional right aside from his due process right or that the state remedies available were inadequate. And to begin with, there is no separate constitutional right in question here. Due process is the only issue. So the other avenue through which plaintiff could attack the Mayor Board's, make his substantive claim is by attacking the state law remedies. And to do that, plaintiff's amended complaint pointed to the defective Mayor Board appointments. Now, to put it briefly, a number of the Mayor Board appointment members were appointed to interim terms of less than six years and that was in violation of the Mayor Board Act. And those defective appointments were first identified in the Percy Taylor litigation and were taken through the state circuit and appellate courts. And later in the Lopez and Cruz cases. And the rulings in Lopez and Cruz render the state law remedies that plaintiff had adequate. And again, his claim rests entirely on the premise that Lopez and Cruz are wrong. He got relief under that line of state court cases, the Percy Taylor litigation and the Lopez. Lopez, under Lopez, he should not have gotten relief, apparently. But the circuit court had already remanded the case to the Mayor Board, as I understand the chronology. By the time the Court of Appeals came in with the Lopez decision saying the first plaintiff gets relief but nobody else. That's right. But those are all state law issues. They really have little bearing on this case. And in any event, he got relief because the circuit court remanded it to the newly constituted Merit Board for a do-over, as I understand the current status of things. That's correct. Very recently, the county has filed a motion to reconsider that remand in the circuit court based on Lopez and Cruz. But the court is correct that he has already gotten relief. So just to clarify, the case is not before the Merit Board again for a third time? Or is the circuit court attempting to address this issue of whether it should have been remanded in the first place? Well, it's still at the Merit Board, but the motion was just filed, I believe, in the last week or two. So the circuit court will be reconsidering the remand. So can the Merit Board go forward with any adjudication of that on the third time around if there's a motion pending in the circuit court? I don't believe so. I believe the matter would be stayed pending the circuit court's decision. But to the court's point, plaintiff has positioned himself as being the loser in state court. That it's a foregone conclusion that if it stays remanded, he'll lose there and will lose again at the circuit court. So that's where the Rooker-Feldman Doctrine would come in. Because if plaintiff has already lost and will continue to lose, then again, the basis for his entire claim is that Lopez and Cruz can't be followed. Well, actually, I'm not quite sure that's right. I don't see a whole lot of role for the Rooker-Feldman Doctrine in this case. We're not being asked to review the state court's construction of state law. So any judgment about the substantive content of the Merit Board's decision here wouldn't second-guess the Percy Taylor decision or the Lopez decision. It would relate to whether the Merit Board's decision was otherwise arbitrary and irrational and violated some of their constitutional rights. Or whether the procedures were inadequate because of the lengthy delay. Well, and that's where the district court correctly read plaintiff's amended complaint to be based on the Percy Taylor defects. Plaintiff has argued that he has made additional allegations. But again, the district court looked at the Percy Taylor defects as being the basis for his substantive claim. Right, but I'd like to ask you to speak to us rather than to just seek refuge in what the district court said because we're here on de novo review. So how is this claim properly construed and what's wrong with it as a substantive due process claim, which is how it's been pleaded? Well, if we're setting aside the Percy Taylor defects and we're looking at the additional allegations that plaintiff has made, he points to the fact that he was suspended without pay before his Merit Board hearing, the fact that the county had notice of the Percy Taylor defects at the time of his Merit Board hearing, and that the criminal charges against him were dropped. But those allegations don't support a procedural due process claim either or a substantive due process claim. Well, let's start with the substantive due process claim since that's how the claim was pleaded and argued. This court has reviewed the administrative review law that is available for plaintiff and has found that it does provide adequate due process protections. And plaintiff has... As I understand the claim here, though, it's that those perhaps otherwise adequate due process protections misfired in this case because of the lengthy delay. I believe if that's plaintiff's contention, then it doesn't provide a procedural claim because it doesn't violate the Merit Board Act. And if he wanted to make a challenge to the act based on the fact that there's no violation, that would be either a facial or an as-applied challenge to the Merit Board statute, which would be appealed through those state courts. I don't think it's either. It's a claim that his due process rights were violated. To the extent that it's a substantive claim, I guess it rests on a claim that the Merit Board's decision was arbitrary and irrational, and it hasn't been pleaded as a procedural claim. But if it had been, my best understanding of the complaint is that it rests on the failure of the otherwise adequate state law procedures because of this five- or six-year delay in getting his termination adjudicated. I believe, again, if that's plaintiff's contention that the delay is the violation, it would not work as a substantive due process claim because it doesn't present a separate constitutional violation or demonstrate that the state law remedies are inadequate. And he would be able to raise that issue in the circuit court and appeal it through the state courts under the Administrative Review Law. The fact is that there continues to be ongoing state court litigation. Isn't that correct? That's right. So, for all the reasons that plaintiff hasn't stated a claim and cannot state a claim based on these allegations, any amendment would have been futile. And futility aside, plaintiff did not have a right to amend his complaint as he claims. The county defendant's motion to dismiss was directed at plaintiff's amended complaint. And plaintiff had not requested leave to amend a second time at the time that the district court entered a dismissal in favor of defendants. And under Crestview, plaintiff could have sought leave to amend a second time after the motion to dismiss was granted if he had filed a motion to set aside that judgment, but he didn't pursue that option. So, because the plaintiff has never asked leave to amend and never moved to set aside that judgment, the district court did not abuse its discretion in dismissing the complaint. So, because plaintiff's claims will fail because of the lack of any allegations that the state law remedies were inadequate for him, and because any amendment would have been futile, we ask this court to affirm the district court's decision. Thank you. Thank you. Mr. Andrzejczyk. May it please the court, my name is Bill Andrzejczyk, and I'm here today representing Terrence Gonsalves, Daniel Raymond, and myself, who I will refer to as the steptoe defendants, who are appellees in this case. The steptoe defendants respectfully ask this court to affirm the district court's order dismissing them with prejudice for three reasons. First, Mr. Campos never sought to vacate the May 11, 2018 order, and never moved for leave to amend his complaint against the steptoe defendants thereafter. Second, the district court's ruling was not an abuse of discretion, because it is not an abuse of discretion to dismiss a complaint with prejudice where a claim cannot be made out against a party. And third, to the extent Mr. Campos argues it was error not to allow amendment as of right under Rule 15a, that error was harmless because no set of facts could sustain Mr. Campos' claims against the steptoe defendants. To my first point, again, Mr. Campos never sought to vacate or reconsider the court's May 11 order against the three individual attorneys, either through Rule 59, Rule 60, and never sought to leave to amend to add claims against the steptoe defendants thereafter. Therefore, there is no, quote, refusal to grant leave to amend. The request was never made. To the second point, Mr. Campos also argues in a single paragraph in his brief that the court abused its discretion in denying leave to amend because it did not give a justifying reason, and for that he relies on the Fomen case. This case is different from Fomen because Fomen involved a plaintiff who filed a motion to vacate the dismissal order and filed a motion for leave to amend. Neither of those things was done here. And more importantly, Fomen only holds that it is abuse of discretion to not give a justifying reason for dismissal with prejudice. Here the district court did give that justifying reason. He stated that the steptoe defendants as private attorneys are not state actors and therefore cannot be held liable under Section 1983. The district court saw the complaint against the steptoe defendants for what it was, a frivolous and invalid attempt to impose Section 1983 liability on private attorneys simply for representing their client. There's no basis in the law for such a claim, and there is plenty of Seventh Circuit authority that it is not abuse of discretion to dismiss a claim with prejudice when there is nothing before the court that shows that the plaintiff can support its claims. On that second point, your motion to dismiss that was heard in May sought dismissal with prejudice, correct? Correct. And that was based on the same argument you're offering now? It was based on a number of arguments. The only one the court ruled on was the lack of Section 1983 liability, but the with prejudice part was a futility in amending. So the reason you're asking in the first instance for a dismissal with prejudice is a variety of reasons, but one of which is that there's just no way you believe there was recovery possible under the facts pleaded? Correct. And my final point, and the only other point that Mr. Campos appears to be making, is that Rule 15a allowed him to amend his complaint as of right so that it was error for the district judge to rule on the motion to dismiss the complaint in the first place. To the extent that was error, it was at best a harmless error. Rule 15a is not absolute, and it will not salvage a claim where amendment would be futile. Here, even if there was error not to allow the second amended complaint against the steptoe defendants under Rule 15a, again, that error was never raised via subsequent motion. It is harmless because the case law is clear that simply representing a public actor does not transform a private attorney into a state actor. Thank you. The right to an automatic amendment was he took that opportunity, as I understand the procedural record here, and filed an amended complaint. It was filed the day before the presentment of the steptoe defendant's motion to dismiss, so it was on file at the time that the court ruled. Okay. Thank you, Your Honors. Thank you. Mr. Lanahan. Your Honors, Section 1983 provides liability for agents of government acting under the color of law. In the separate appendix of plaintiff's opening brief, the item 1.5 is a steptoe defendant's appointment to represent County Sheriff Thomas in his official capacity on the basis that he has income of 125% or less of the current official poverty guidelines, is otherwise eligible to receive services under the eligibility guidelines of the civil legal services. I don't perceive that to be an appointment worthy of a state attorney that would be entitled to immunity that would make these claims frivolous. I think it's precisely the arbitrary and unreasonable and capricious treatment of Campos' rights disregard for the courts that undergirds the eight years of no process that Campos has endured during this period of time. And I think it was raised that their state proceedings are still ongoing. I'll be honest with Your Honors. I have no idea where we're at. As counsels say, we're maybe at the Mayor Board, maybe we're in state court. We've been through state court, through remand, through two decisions by Mayor Board, calling him a criminal, and it shoots and ladders. We're back to square one. We're back to a new bootleg due process every day or every week. Maybe that speaks to the prematurity of the suit, though. Your Honor, I think that Campos was, he had standing to sue the day he was suspended without pay or state of claim in the district court. It was a deprivation of his state vested property right. That right came from the Illinois statute. When that was seized by Cook County and arrested for eight years, he had standing. Whether he had damages is another matter. When that right was deprived, he had standing. When he was defamed, that standing was reinforced. When he was defamed again, to me, that was as arbitrary and capricious as I've seen in federal precedent. And I know that there's, I haven't seen a federal precedent that has recognized a substantive deprivation in the employment context. But these are pretty substantially egregious state conduct, and that's my time. One final question. Your short appendix includes the order terminating claims from the May 11th hearing, and the order terminating claims against Cook County entered on November 5th. It doesn't include the transcript of the proceedings before Judge Norgal from May 11th, where he gives his reasoning as to why he's dismissing the steptoe defendants. Why didn't you include that in the appendix? Your Honor, until Mr. Andercheck reflected on that record, I, that was an oversight. I did not, I realize I made that representation, but that was. I would argue, as Mr. Andercheck pointed out, the amended complaint mooted the motion to dismiss. I was, I think, I had no expectation that Judge Norgal would rule on a motion that was no longer operative. So it was an honest oversight, Your Honor. I move for the question. All right, thank you. Thanks, Your Honor. The case is taken under advisement. Our thanks to all counsel.